1   Tanya E. Moore, SBN 206683
    K. Randolph Moore, SBN 106933
2   MOORE LAW FIRM, P.C.
    332 North Second Street
3   San Jose, California 95112
    Telephone (408) 298-2000
4   Facsimile (408) 298-6046

5   Attorneys for Plaintiff
    Anthony Lerma

6

7

**Filed**

MAY – 2 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      CV 11-02160 PSG

11  ANTHONY LERMA,                    ) No.
                                      )
12              Plaintiff,            ) **PLAINTIFF'S COMPLAINT FOR**
                                      ) **INJUNCTIVE RELIEF, DECLARATORY**
13     vs.                            ) **RELIEF, DAMAGES, ATTORNEYS'**
                                      ) **FEES AND COSTS (ADA)**
14  JACKSON LTC PHARMACY INC. dba     )
    JACKSON MEDICAL PHARMACY, LORA    )
15  L. PORTER, TRUSTEE OF THE LORA L. )
    PORTER REVOCABLE LIVING TRUST OF  )
16  1997,                             )
                                      )
17              Defendants.           )
                                      )
18  _____)

19                        I.   SUMMARY

20       1.      This is a civil rights action by plaintiff Anthony Lerma ("Lerma") for

21  discrimination at the building, structure, facility, complex, property, land, development,

22  and/or surrounding business complex known as:

23  Jackson Medical Pharmacy
    266 N. Jackson Avenue
24  San Jose, CA  95116
    (hereafter "the Facility")
25

26       2.      Lerma seeks damages, injunctive and declaratory relief, attorney fees and costs,

27  against JACKSON LTC PHARMACY INC. dba JACKSON MEDICAL PHARMACY,

28  LORA L. PORTER, TRUSTEE OF THE LORA L. PORTER REVOCABLE LIVING TRUST

*Lerma v. Jackson LTC Pharmacy Inc., et al.*
Complaint

OF 1997, (hereinafter referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.    JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.    Lerma's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.    PARTIES

7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.    Lerma was diagnosed with advanced diabetes causing chronic non-healing diabetic ulcers on his legs and feet and degenerative disc disease of his back, radiculopathy and requires the use of a wheelchair when traveling about in public. Consequently, Lerma is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.    FACTS

9.    The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Lerma visited the Facility and encountered barriers (both physical and intangible) that interfered with – if not outright denied – Lerma's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility.   Lerma personally encountered the following barriers at the Facility:

*Lerma v. Jackson LTC Pharmacy Inc., et al.*
Complaint

(a)     No designated accessible route of travel was provided from the street to the entrance of the Facility forcing Lerma to travel unnecessarily and at great peril around the Facility in his wheelchair on uneven, sloped and dangerous surfaces in order to find access to the Facility;

(b)     Lerma could not get up the ramp leading to the entrance in his wheelchair because of the steep slope and required assistance to push his wheelchair up the ramp in order to enter the Facility;

(c)     There is no wheelchair accessible waiting space provided at the Facility and Mr. Lerma was forced to wait in the middle of the lobby while his prescription was filled;

(d)     The counter was too high for Mr. Lerma to conduct his transaction without dangerously leaning out of his wheelchair to reach the top of the counter.

11.     Lerma was, and continues to be, deterred from visiting the Facility because he knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Lerma due to his physical disabilities. Lerma continues to be deterred from visiting the Facility because of the future threats of injury created by these barriers due to his physical disabilities including, but not limited to:

1)  Missing and/or incorrect warning signage is installed at the parking facilities;

2)  Accessible parking spaces and access aisles are not properly configured and/or exceed the maximum slope allowed;

3)  Parking spaces and/or access aisles reserved for persons with disabilities are improperly marked and/or identified;

4)  There is no properly configured and/or identified accessible route provided within the boundary of the site;

5)  There are no sufficient clearances provided for a wheelchair inside and outside the Facility;

6)  There is no accessible counter provided.

Lerma enjoys the goods and services offered at the Facility, lives in San Jose, and will return to the Facility once the barriers are removed.

*Lerma v. Jackson LTC Pharmacy Inc., et al.*
Complaint

12.     Defendants knew or should have known that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

13.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards.  Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

14.     Lerma incorporates the allegations contained in paragraphs 1 through 13 for this claim.

15.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

16.     Defendants discriminated against Lerma by denying him "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

17.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.  42

*Lerma v. Jackson LTC Pharmacy Inc., et al.*
Complaint

U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

18.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

19.   Here, Lerma alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

20.   In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

## Failure to Design and Construct and Accessible Facility

21.   Lerma alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

22.   The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

23.   Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Lerma – when it was structurally practical to do so.[1]

## Failure to Make an Altered Facility Accessible

24.   Lerma alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Lerma v. Jackson LTC Pharmacy Inc., et al.*
Complaint

25.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.   42 U.S.C. § 12183(a)(2).   Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

26.    Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Lerma – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

27.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

28.    Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

29.    Lerma seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

30.    Lerma also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.    SECOND CLAIM

### Disabled Persons Act

31.    Lerma incorporates the allegations contained in paragraphs 1 through 30 for this claim.

//

//

*Lerma v. Jackson LTC Pharmacy Inc., et al.*
Complaint

32.     California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

33.     California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

34.     Both sections specifically incorporate (by reference) an individual's rights under the ADA. *See* Civil Code §§ 54(c) and 54.1(d).

35.     Here, Defendants discriminated against the physically disabled public – including Lerma – by denying them full and equal access to the Facility.  Defendants also violated Lerma's rights under the ADA, and therefore, infringed upon or violated (or both) Lerma's rights under the Disabled Persons Act.

36.     For each offense of the Disabled Persons Act, Lerma seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

37.     Lerma also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and costs incurred under California Civil Code §§ 54.3 and 55.

## VIII.   THIRD CLAIM

### Unruh Civil Rights Act

38.     Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

39.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

*Lerma v. Jackson LTC Pharmacy Inc., et al.*
Complaint

40.     California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

41.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

42.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Lerma – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

43.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Lerma by violating the Unruh Act.

44.     Lerma was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

45.     Lerma also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

46.     Lerma incorporates the allegations contained in paragraphs 1 through 45 for this claim.

47.     Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

48.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

49.     Lerma alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

*Lerma v. Jackson LTC Pharmacy Inc., et al.*
Complaint

1 | Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code §

2 | 19956.

3 |      50.    Defendants' non-compliance with these requirements at the Facility aggrieved

4 | (or potentially aggrieved) Lerma and other persons with physical disabilities.  Accordingly,

5 | Lerma seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

6 | **X.    PRAYER FOR RELIEF**

7 | WHEREFORE, Lerma prays judgment against Defendants, and each of them, for:

8 |     1.  Injunctive relief, preventive relief, or any other relief the Court deems proper.

9 |     2.  Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act

10 |         or Disabled Persons Act damages.

11 |     3.  Statutory minimum damages under either sections 52(a) or 54.3(a) of the California

12 |         Civil Code (but not both) according to proof.

13 |     4.  Attorneys' fees, litigation expense, and costs of suit.[2]

14 |     5.  Interest at the legal rate from the date of the filing of this action.

15 |     6.  For such other and further relief as the Court deems proper.

16 | Dated: April 25, 2011                     MOORE LAW FIRM, P.C.

17 |

18 |                                 /s/ Tanya E. Moore

19 |                                 Tanya E. Moore
Attorneys for Plaintiff,
Anthony Lerma

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 | _____

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Lerma v. Jackson LTC Pharmacy Inc., et al.*
Complaint