1

2  **ELISE M. BALGLEY (#114633)**
   **BERNARD, BALGLEY & BONACCORSI**
3  **3900 NewPark Mall Road, Third Floor**
   **Newark, CA   94560-5242**
4  **Telephone:  (510) 791-1888**

5  Attorneys for Lora L. Porter, Trustee of the
   Lora L. Porter Revocable Living Trust of 1997

6

7

8                          UNITED STATES DISTRICT COURT
                   IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                                SAN JOSE DIVISION

10 ANTHONY LERMA,                              Case No. CV11-02160 PSG

11         Plaintiff,                          CROSS-CLAIM OF LORA L. PORTER,
                                               TRUSTEE OF THE LORA L. PORTER
12 vs.                                         REVOCABLE LIVING TRUST OF 1997
                                               TO COMPLAINT
13 JACKSON LTC PHARMACY, INC. dba
   JACKSON MEDICAL PHARMACY, LORA L.
14 PORTER, TRUSTEE OF THE LORA L.
   PORTER REVOCABLE LIVING TRUST OF
15 1997,

16         Defendants.

17 (Caption continued on following page)

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24

25 p125.01/pleading/answer

26 Cross Claim Of Lora L. Porter, Trustee of the
   Lora L. Porter Revocable Living Trust of 1997
27 to Complaint                                 1

28 Case No.  CV11-02160 PSG

LORA L. PORTER, TRUSTEE OF THE LORA L. PORTER REVOCABLE LIVING TRUST OF 1997,

           Cross-Claimant,

vs.

JACKSON LTC PHARMACY, INC. dba JACKSON MEDICAL PHARMACY; CURE PHARMACY, INC.; and REDDY KATPELLY,

           Cross-Defendants.

       Cross-Claimant Lora L. Porter, Trustee of the Lora L. Porter Revocable Living Trust of 1997 alleges as follows:

## I.  FIRST CLAIM
## INDEMNITY

    1.   Plaintiff Anthony Lerma has filed against Defendant/Cross-Claimant Lora L. Porter, Trustee of the Lora L. Porter Revocable Living Trust of 1997 the Complaint herein.  The allegations of said pleading are incorporated by this reference, without admitting any of said allegations, solely for the purpose of alleging herein the facts, claims and demands against Defendant/Cross-Claimant.

    2.   If Plaintiff suffered damages as alleged in his Complaint, such damages were caused entirely or partly by Cross-Defendants and each of them or third parties not affiliated with Cross-Claimant. Cross-Claimant denies that she has any responsibility or liability arising from Plaintiffs' Complaint, but alleges that any liability to Plaintiff, if any, is the result of the active and primary acts, omissions and fault of Cross-Defendants and each of them.

    3.   As a result thereof, all Cross-Defendants are obligated to indemnify Cross-Claimant, and Cross-Claimant is entitled to total and/or partial implied and/or equitable indemnity from said Cross-

p125.01/pleading/answer

Cross Claim Of Lora L. Porter, Trustee of the
Lora L. Porter Revocable Living Trust of 1997
to Complaint                          2

Case No.  CV11-02160 PSG

Defendants, and each of them, based on principles of total and/or equitable indemnity and/or comparative fault for any sums which Cross-Claimant may be compelled to pay as a result of any damages, judgment or other awards obtained by Plaintiff against Cross-Claimant.

4. If it be found that Cross-Claimant is liable by reason of those things set forth hereinabove, then, and in that event, Cross-Claimant is entitled to be indemnified and held harmless by Cross-Defendants, and each of them, from all damages, including costs and expenses in defending the within action, and attorneys' fees and other expenses incurred in connection therewith.

## II. SECOND CLAIM

## DECLARATORY RELIEF

5. Cross-Claimant incorporates by reference, as though set forth in full, each and every allegation of all paragraphs of this Cross-Claim both prior and subsequent to this paragraph, as though fully set forth herein.

6. A dispute has arisen and an actual controversy now exists between Cross-Claimant and Cross-Defendants, in that Cross-Claimant contends that liability for the damages, if any, claimed by Plaintiff. rests entirely or partially with Cross-Defendants or third parties in no way affiliated with Cross-Claimant

and that Cross-Defendants are obligated to partially indemnify or fully indemnify Cross-Claimant for sums which Cross-Claimant may be compelled to pay as a result of any damages, judgment or other awards recovered by Plaintiff against Cross-Claimant, including reimbursement of litigation expenses and attorneys' fees, whereas Cross-Defendants deny the same or refuse to defend, hold harmless or indemnify Cross-Claimant for any such legal fees, damages or judgments.

7. Cross-Claimant desires a judicial determination of the respective rights and duties of Cross-Claimant and Cross-Defendants, and each of them, with respect to the damages claimed in the

p125.01/pleading/answer

Cross Claim Of Lora L. Porter, Trustee of the
Lora L. Porter Revocable Living Trust of 1997
to Complaint                                            3

Case No.  CV11-02160 PSG

Complaint herein. In particular, Cross-Claimant desires a declaration of the respective liabilities of Cross-Claimant and Cross-Defendants for such damages, if any, and a declaration of Cross-Defendants' responsibility to indemnify Cross-Complainant for the sums which Cross-Claimant may be compelled to pay and for which Cross-Defendants have been determined responsible.

8. Such a declaration is necessary and appropriate at this time in order that Cross-Claimant may ascertain her rights and duties with respect to the claims of Plaintiff herein. The claims of Plaintiff and Cross-Complainant are related to the same transactions and determination of said claims in one proceeding is necessary in order to avoid a multiplicity of actions.

### III.  PRAYER FOR RELIEF

WHEREFORE, Cross-Claimant Lora L. Porter, Trustee of the Lora L. Porter Revocable Living Trust of 1997 prays as follows:

1. For a judicial determination of the Cross-Defendants' responsibility and liability by way of total and/or partial equitable and/or implied indemnity against Cross-Defendants, and each of them, for the damages claimed by Plaiintiff. if any are found to exist as against Cross-Claimant;

2. For a declaration of the amount for which Cross-Defendants, and each of them, are obligated to indemnify Cross-Claimant if Cross-Claimant is compelled to pay any sum as a result of any damages, judgment or other awards rendered against Cross-Claimant and in favor of Plaintiff;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

Dated: June 10, 2011                                 BERNARD, BALGLEY & BONACCORSI

*Elise M. Balgley*
_____
ELISE M. BALGLEY
Attorneys for Lora L. Porter, Trustee of the Lora L. Porter Revocable Living Trust of 1997

p125.01/pleading/answer

Cross Claim Of Lora L. Porter, Trustee of the Lora L. Porter Revocable Living Trust of 1997 to Complaint          4

Case No.  CV11-02160 PSG

## PROOF OF SERVICE

I, the undersigned, declare that I am employed at the Law Firm of Bernard, Balgley & Bonaccorsi, in the County of Alameda, California. I am over the age of 18 years and not a party to the within cause; my business address is 3900 NewPark Mall Road, Third Floor, Newark, California.

On June 10, 2011, I caused to be served, in the manner indicated below, the following documents: Cross-Claim of Lora L. Porter, Trustee, Trustee of Lora L. Porter Revocable Living Trust Of 1997 on the following interested party(s) in said cause:

Tanya E. Moore, Esq.
Moore Law Firm, P.C.
332 North Second Street
San Jose, CA 95112
tanya@moorelawfirm.com

**VIA MAIL**

[ **x** ]  By placing a true copy thereof enclosed in a sealed envelope(s), addressed as follows, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at the Law Offices of Bernard, Balgley & Bonaccorsi, with postage thereon fully prepaid, that same day in the ordinary course of business.

**VIA ELECTRONIC MAIL TRANSMISSION**

[ **x** ]  Based on a court order or an agreement of the parties to accept services by e-mail or electronic transmission at the email addresses listed prior to 5:00 p.m. and, without receiving, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful. tanya@moorelawfirm.com

**VIA OVERNIGHT MAIL/COURIER**

[  ]By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service, or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence/documents for overnight mail or overnight courier service, and that it is to be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

**VIA FACSIMILE**

[  ]  By arranging for facsimile transmission from facsimile number (510)791-8008 to the above listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such

p125.01/pleading/answer

Cross Claim Of Lora L. Porter, Trustee of the
Lora L. Porter Revocable Living Trust of 1997
to Complaint                                                        5

Case No.  CV11-02160 PSG

1 correspondence would be transmitted via facsimile to the designated numbers in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error.

2

**VIA PERSONAL DELIVERY BY COURIER**
3   [   ]By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above and arranging to have each envelope delivered by an authorized courier service or driver.

4

5 I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 10, 2011, in Newark, California.

6 *Elise M. Balgley*
_____
7 Elise M. Balgley

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 p125.01/pleading/answer

26 Cross Claim Of Lora L. Porter, Trustee of the Lora L. Porter Revocable Living Trust of 1997
27 to Complaint                          6

28 Case No. CV11-02160 PSG