**KELLI E. GEORGE, ESQ. SBN 225689**
LAW OFFICES OF THOMAS O'HAGAN
1999 Harrison Street, Suite 2070
Oakland, CA 94612
Telephone: (510) 587-1600
FAX: (510) 587-0056

Attorneys for Defendant
**JACKSON LTC PHARMACY INC. DBA JACKSON MEDICAL PHARMACY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Lerma,<br><br>        Plaintiff,<br><br>v.<br><br>JACKSON LTC PHARMACY, INC., DBA JACKSON MEDICAL PHARMACY, LORA L. PROTER, TRUSTEE OF HE LORA L. PORTER REVOCABLE LIVING TRUST OF 1997,<br><br>        Defendants, | Case No. CV11-02160PSG<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Date First Paper Filed:<br>May 2, 2011 |

Defendant **JACKSON LTC PHARMACY INC. DBA JACKSON MEDICAL PHARMACY** ("Defendant") answers Plaintiff's (Anthony Lerma "Plaintiff") Complaint for Denial of Access Rights to Disabled Persons in Violation of Title III of the Americans with Disabilities Act of 1990, and of California Laws Guaranteeing Full and Equal Access to Public Facilities; Injunctive Relief and Damages per 42 USC 12101 *et seq.*; California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55; California Health and Safety Code §§ 19955-19959 (the "Complaint") as follows:

**I.      SUMMARY**

1

1. Paragraph 1 of the Complaint contains a recitation of the nature of the action, and no response is required to those allegations. Defendant admits that JACKSON LTC PHARMACY INC. is located at 266 N. Jackson Avenue, San Jose, CA 95116.. JACKSON LTC PHARMACY INC.'s lack sufficient information and belief as to the remaining allegations contained in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff seeks the relief identified in paragraph 2 of the Complaint but denies any liability for such relief.

## II. JURISDICTION

3. Defendant admits that this Court has jurisdiction of claims brought under the Americans with Disabilities Act of 1990, and jurisdiction for claims under California state law where pendant jurisdiction is appropriate.

4. Defendant admits that this Court has supplemental jurisdiction for claims brought under parallel California law-arising from the same nucleus of operative facts.

5. Defendant lacks sufficient information and belief as to the allegations contained in paragraph 5 of the Complaint and, on that basis, deny such allegations.

## III. VENUE

6. Defendant lacks sufficient information and belief as to the allegations contained in paragraph 6 of the Complaint and, on that basis, deny such allegations.

## IV. PARTIES

7. Defendant admits that JACKSON LTC PHARMACY INC. operates, and/or lease premises located at 266 N. Jackson Avenue. Defendant lacks sufficient information and belief as to the remaining allegations contained in paragraph 7 of the Complaint and, on that basis, deny such allegations.

8. Defendant lacks sufficient information and belief as to the remaining allegations contained in paragraph 8 of the Complaint and, on that basis, deny such allegations.

Defendant- Answer to Plaintiff's Complaint

## V. FACTS

9. Defendant admit that JACKSON LTC PHARMACY INC is a facility open to the public. Defendant lacks sufficient information and belief as to the remaining allegations contained in paragraph 9 and on that basis, denies such allegations.

10. Defendant lacks sufficient information and belief as to the remaining allegations contained in paragraph 10 of the Complaint and, on that basis, deny such allegations.

11. Defendant lacks sufficient information and belief as to the remaining allegations contained in paragraph 11 of the Complaint and, on that basis, deny such allegations.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## VI. FIRST CLAIM
**Americans with Disabilities Act of 1990**

14. Defendants incorporate herein by reference its responses to Plaintiff's allegations as asserted in paragraphs 1 through 13 of the Complaint.

15. Paragraph 15 of the Complaint appears to contain a recitation of the United States Congress' findings per 42 U.S.C. section 12182 regarding physically disabled persons, and no response is required to those allegations.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint. Defendants also lack sufficient information and belief as to the allegations contained in paragraph 16 of the Complaint and, on that basis, deny such allegations.

**Failure to Remove Architectural Barriers in an Existing Facility**

17. Paragraph 17 of the Complaint appears to contain a recitation of the United States Congress' findings per 42 U.S.C. sections 12182 and 12181, and no response is required to those allegations.

18. Paragraph 18 of the Complaint appears to contain a recitation of the United States Congress' findings per 42 U.S.C. section 12182, and no response is required to those allegations.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

**Failure to Design and Construct and Accessible Facility**

21. Defendants lack sufficient information and belief as to the allegations contained in paragraph 21 of the Complaint and, on that basis, deny such allegations.

22. Paragraph 22 of the Complaint appears to contain a recitation of the United States Congress' finding per 42 U.S.C. section 12183, and no response is required to those allegations.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

**Failure to Make an Altered Facility Accessible**

24. Defendant lacks sufficient information and belief as to the allegations contained in paragraph 24 of the Complaint and, on that basis, deny such allegations.

25. Paragraph 25 of the Complaint appears to contain a recitation of the United States Congress' findings per 42 U.S.C. section 12183, and no response is required to those allegations.

26. Defendant denies the allegations contained in Paragraph 26 of the

Complaint.

**Failure to Modify Existing Policies and Procedures**

27. Paragraph 27 of the Complaint appears to contain a recitation of the United States Congress' findings per 42 U.S.C. section 12182, and no response is required to those allegations.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny that Plaintiff is entitled to relief as alleged in paragraph 29 of the Complaint.

30. Defendant denies that Plaintiff is entitled to relief as alleged in paragraph 30 of the Complaint.

### VI. SECOND CLAIM
**Disabled Persons Act**

31. Defendant incorporates herein by reference their responses to Plaintiff's allegations as asserted in paragraphs 1 through 30 of the Complaint.

32. Paragraph 32 of the Complaint appears to contain a recitation of the law under California Civil Code section 54, and no response is required to those allegations.

33. Paragraph 33 of the Complaint appears to contain a recitation of the law under California Civil Code section 54.1, and no response is required to those allegations.

34. Paragraph 34 of the Complaint appears to contain a recitation of the law under California Civil Code sections 54 and 54.1, and no response is required to those allegations.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies that Plaintiff is entitled to relief as alleged in Paragraph 36 of the Complaint.

**Defendant- Answer to Plaintiff's Complaint**

37. Defendant denies that Plaintiff is entitled to relief as alleged in Paragraph 37 of the Complaint.

### VII. THIRD CLAIM
**Unruh Civil Rights Act**

38. Defendants incorporate herein by reference their responses to Plaintiff's allegations as asserted in paragraphs 1 through 37 of the Complaint.

39. Paragraph 39 of the Complaint appears to contain a recitation of the law under California Civil Code section 51, and no response is required to those allegations.

40. Paragraph 40 of the Complaint appears to contain a recitation of the law under California Civil Code section 51.5, and no response is required to those allegations.

41. Paragraph 41 of the Complaint appears to contain a recitation of the law under California Civil Code section 51, and no response is required to those allegations.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies that Plaintiff is entitled to the relief as alleged in Paragraph 44 of the Complaint. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45. Defendant denies that Plaintiff is entitled to the relief as alleged in Paragraph 45 of the Complaint.

### VIII. FOURTH CLAIM
**Denial of Full and Equal Access to Public Facilities**

46. Defendant incorporates herein by reference their responses to Plaintiff's allegations as asserted in paragraphs 1 through 45 of the Complaint.

47. Paragraph 47 of the Complaint appears to contain a recitation of the law under California Health and Safety Code section 19955, and no response is required to

6
Defendant- Answer to Plaintiff's Complaint

those allegations.

48. Paragraph 48 of the Complaint appears to contain a recitation of the law under California Health and Safety Code section 19959, and no response is required to those allegations.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies that Plaintiff is entitled to the relief as alleged in Paragraph 50 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

## X. PRAYER FOR RELIEF

51. Defendant denies that Plaintiff is entitled to relief as alleged in paragraph 1 of the Prayer for Relief in the Complaint.

52. Defendant denies that Plaintiff is entitled to relief as alleged in paragraph 2 of the Prayer for Relief in the Complaint.

53. Defendant denies that Plaintiff is entitled to relief as alleged in paragraph 3 of the Prayer for Relief in the Complaint.

54. Defendant denies that Plaintiff is entitled to relief as alleged in paragraph 4 of the Prayer for Relief in the Complaint.

55. Defendant denies that Plaintiff is entitled to relief as alleged in paragraph 5 of the Prayer for Relief in the Complaint.

56. Defendant denies that Plaintiff is entitled to relief as alleged in paragraph 6 of the Prayer for Relief in the Complaint.

## SEPARATE AFFIRMATIVE DEFENSES

As a separate and further answer to Plaintiff's Complaint, Defendant alleges upon information and belief the following affirmative defenses:


## FIRST AFFIRMATIVE DEFENSE
(To All Claims for Relief)

The Complaint, and each claim for relief therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(To All Claims for Relief)

Defendants are informed and believe, and thereon allege, that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338 and 340.

## THIRD AFFIRMATIVE DEFENSE
(To All Claims for Relief)

Defendants are informed and believe, and on that basis allege, that Plaintiff has failed, refused, or neglected to mitigate or avoid the damages complained of in her Complaint. By reason of the foregoing, Plaintiff is barred in whole or in part from recovering monetary damages.

## FOURTH AFFIRMATIVE DEFENSE
(To All Claims for Relief)

Defendants are informed and believe, and thereon allege, that if Plaintiff sustained any loss, injury, damage, or detriment as alleged in the Complaint, the loss, injury, damage, or detriment was caused and contributed to by Plaintiff's own actions in that she did not use ordinary care on her own behalf and her own actions and omissions proximately caused and contributed to the loss, injury, damage, and detriment alleged by Plaintiff and Plaintiff's recovery from Defendants, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or in proportion to her fault.

## FIFTH AFFIRMATIVE DEFENSE

Defendant- Answer to Plaintiff's Complaint

**(To All Claims for Relief)**

Plaintiff fails to state facts sufficient to support an award of punitive damages.

**SIXTH AFFIRMATIVE DEFENSE**
**(To All Claims for Relief)**

Although Defendants deny they have committed or have responsibility for any act that could support the recovery of punitive damages in this action, if and to the extent that any such act is found, recovery of punitive damages against the defendants is unconstitutional under various provisions of the United States Constitution, including, but not limited to, the due process clause of the Fifth Amendment, and section 1 of the Fourteenth Amendment. In addition, the recovery of punitive damages against the defendants is unconstitutional under various provisions of the California Constitution, including, but not limited to, the excessive fines clause of section 17 of Article I and the due process clause of section 1 of Article I.

**SEVENTH AFFIRMATIVE DEFENSE**
**(To All Claims for Relief)**

Defendants are informed and believe, and thereon allege, that Plaintiff's Complaint is barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**
**(To All Claims for Relief)**

Defendants are informed and believe, and thereon allege, that Plaintiff's claims are barred under the doctrine of estoppel.

**NINTH AFFIRMATIVE DEFENSE**
**(To All Claims for Relief)**

**Defendant- Answer to Plaintiff's Complaint**

Defendants are informed and believe, and thereon allege, that the Complaint, and all purposed causes of action contained therein, are barred because Plaintiff has waived the right, if any, to assert the claims in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**
**(To All Claims for Relief)**

Defendant is informed and believes, and thereon alleges, that the Complaint, and all purported causes of action contained therein, are barred by the doctrine of unclean hands, as a result of the acts, conduct, and omissions of Plaintiff or of others that are attributable to Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(To All Claims for Relief)**

Defendant is informed and believes, and thereon alleges, that the Complaint, and all purported causes of action contained therein, are barred by the doctrine of acquiescence, as a result of the acts, conduct, and omissions of Plaintiff or of others that are attributable to Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**
**(To All Claims for Relief)**

Defendants are informed and believe, and thereon allege, that the Complaint, and all purported causes of action contained therein, fail to the extent that Defendants are not required to make architectural or non-architectural modifications that would fundamentally alter the nature of their goods, services, facilities, privileges, advantages, or accommodations.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(To All Claims for Relief)**

**Defendant- Answer to Plaintiff's Complaint**

Defendants are not required to make architectural or non-architectural modifications that would result in an undue burden or hardship, and/or are not economically feasible.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (To All Claims for Relief)

Defendants are not required to make architectural modifications that are structurally impractical.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (To All Claims for Relief)

Defendants are not required to make architectural or non-architectural modifications that are not readily achievable, or cannot be carried out without much difficulty or expense.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (To All Claims for Relief)

Defendants are informed and believe, and thereon allege, that Plaintiff's claims for damages are barred because Plaintiff did not notify Defendants of or request any reasonable accommodations or modifications to any architectural or non-architectural barriers prior to filing her Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (To All Claims for Relief)

Defendant is informed and believes, and thereon alleges, that to the extend Plaintiff purports to seek relief on behalf of members of the general public who have suffered no damages, the Complaint violated Defendants' rights to due process under the California and United States Constitutions.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (To All Claims for Relief)

Defendants are informed and believe, and thereon allege, that Plaintiff's Complaint is vague, ambiguous, and uncertain.

**Defendant- Answer to Plaintiff's Complaint**

## NINETEENTH AFFIRMATIVE DEFENSE
(To All Claims for Relief)

The claims presented in Plaintiff's Complaint are barred because Plaintiff failed to exhaust available administrative remedies.

## TWENTIETH AFFIRMATIVE DEFENSE
(To All Claims for Relief)

Plaintiff has not set out her claims with sufficient particularity to permit Defendants to raise all appropriate affirmative defenses. Defendants have not knowingly or intentionally waived any applicable affirmative defense, but Defendants reserve the right to assert and to rely upon additional defenses not stated here, including such other defenses as may become available or apparent. Defendants further reserve the right to file an Amended Answer to the Complaint, as more facts or legal theories become applicable by means of subsequent disclosures, discovery, procedural issues, or modification of existing statutes and defenses.

WHEREFORE, Defendants pray that:

1. The Complaint, and each purported cause of action contained therein, be dismissed, with prejudice, and that judgment be entered for Defendants;

2. Plaintiff take nothing;

3. Defendants be awarded their attorneys' fees and costs of suit herein; and

4. Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED: September 7, 2011     LAW OFFICES OF THOMAS O'HAGAN

By: _____
    KELLI E GEORGE

12

Defendant- Answer to Plaintiff's Complaint

Attorney for Defendant
**JACKSON LTC PHARMACY INC. DBA**
**JACKSON MEDICAL PHARMACY**

Defendant- Answer to Plaintiff's Complaint